## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

**(1) ROBERT LEE MOORE, JR.,**

**(2) JACQUELYNN AYERS,**

**(3) BREON KATRELL SMITH,**

**(4) MICHAELA DE'JON LEWIS,**

      **Plaintiffs,**

**v.**

**(1) OKYLP OKLAHOMA YOUTH LITERACY PROGRAM, INC. a/k/a OKLAHOMA YOUTH LITERACY PROGRAM I, an Oklahoma domestic not-for-profit corporation,**

**(2) IMPACT ATHLETICS, INC., an Oklahoma domestic not-for-profit corporation,**

**(3) GINA DARBY, an individual,**

**(4) MILEN DARBY, Sr., an individual, and**

**(5) ROSIE ANDERSON, an individual,**

      **Defendants.**

Case No.   **CIV-22-1025-R**

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, OKYLP Oklahoma Youth Literacy Program, Inc. a/k/a Oklahoma Youth Literacy Program I, an Oklahoma domestic not-for-profit corporation, Impact Athletics, Inc., an Oklahoma domestic not-for-profit corporation, Gina Darby, an

individual, Milen Darby, Sr., an individual, and Rosie Anderson, an individual (collectively referred to as "Defendants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to the Petition filed by Plaintiffs. In doing so, Defendants deny each and every allegation contained in the Petition not specifically admitted herein.

## PARTIES

1.     Defendants admit that Plaintiff, Robert Lee Moore, Jr. ("Moore") was a former employee of Defendant, OKYLP Oklahoma Youth Literacy Program, Inc. Defendants deny that Moore was an employee of Impact Athletics, Inc. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 1 of Plaintiffs' Petition and, therefore, those allegations are denied.

2.     Defendants admit that Plaintiff, Breon Katrell Smith ("Smith") was a former employee of Defendant, OKYLP Oklahoma Youth Literacy Program, Inc. Defendants deny that Smith was an employee of Impact Athletics, Inc. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 2 of Plaintiffs' Petition and, therefore, those allegations are denied.

3.     Defendants admit that Plaintiff, Jacquelynn Ayres ("Ayres") was a former employee of Defendant, OKYLP Oklahoma Youth Literacy Program, Inc. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 3 of Plaintiffs' Petition and, therefore, those allegations are denied.

4.     Defendants admit that Plaintiff, Michaela De'Jon Lewis ("Lewis") was a former employee of Defendant, OKYLP Oklahoma Youth Literacy Program, Inc.

Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 4 of Plaintiffs' Petition and, therefore, those allegations are denied.

5.      Defendants admit that OKYLP Oklahoma Youth Literacy Program, Inc. is a domestic, not-for-profit corporation headquartered in Oklahoma County, Oklahoma, and conducts business in Oklahoma County, Oklahoma. Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiffs' Petition.

6.      Defendants admit that Impact Athletics, Inc. is a domestic, not-for-profit corporation headquartered in Oklahoma County, Oklahoma, and conducts business in Oklahoma County, Oklahoma. Defendants deny any remaining allegations contained in Paragraph 6 of Plaintiffs' Petition.

7.      Defendants admit that Gina Darby is an individual who resides in Oklahoma County and is an officer, agent, and/or representative of OKYLP Oklahoma Youth Literacy Program, Inc. and Impact Athletics, Inc. Defendants deny any remaining allegations contained in Paragraph 7 of Plaintiffs' Petition.

8.      Defendants admit that Milen Darby, Sr. is an individual who resides in Oklahoma County, is the husband of Gina Darby, and is an officer, agent, and/or representative of OKYLP Oklahoma Youth Literacy Program, Inc. and Impact Athletics, Inc. Defendants deny any remaining allegations contained in Paragraph 8 of Plaintiffs' Petition.

9.      Defendants admit that Rosie Anderson is an individual who resides in Oklahoma County. Defendants deny any remaining allegations contained in Paragraph 9 of Plaintiffs' Petition.

## JURISDICTION AND VENUE

10.     Defendants deny each and every allegation contained in Paragraph 10 of Plaintiffs' Petition and further deny that Plaintiffs are entitled to any relief whatsoever, including all such relief sought under the laws alleged.

11.     Defendants admit that this Court has subject matter jurisdiction over the claims alleged and that venue is proper in the United States District Court for the Western District of Oklahoma. Defendants deny any remaining allegations contained in Paragraph 11 of Plaintiffs' Petition.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

12.     Defendants admit that Plaintiffs were former employees of Defendant, OKYLP Oklahoma Youth Literacy Program, Inc. Defendants deny that Plaintiffs were employees of Impact Athletics, Inc. Defendants deny any remaining allegations contained in Paragraph 12 of Plaintiffs' Petition.

13.     Defendants admit that OKYLP Oklahoma Youth Literacy Program, Inc. and Impact Athletics, Inc. provide programs, services, and activities for youth in the greater Oklahoma City area. Defendants deny any remaining allegations contained in Paragraph 12 of Plaintiffs' Petition.

14.     Defendants admit that the participants of programs, services, and activities provided by OKYLP Oklahoma Youth Literacy Program, Inc. and Impact Athletics, Inc. overlap. Defendants deny the remaining allegations contained in Paragraph 14 of Plaintiffs' Petition.

15.     Defendants admit that OKYLP Oklahoma Youth Literacy Program, Inc. and Impact Athletics, Inc. have overlapping directors and officers. Defendants deny the remaining allegations contained in Paragraph 15 of Plaintiffs' Petition.

16.     Defendants deny each and every allegation contained in Paragraph 16 of Plaintiffs' Petition.

17.     Defendants admit that each of the Plaintiffs were employed by OKYLP Oklahoma Youth Literacy Program, Inc. as kitchen and food service workers and that Plaintiffs prepared food that was disturbed to youth participating in various programs operated by OKYLP Oklahoma Youth Literacy Program, Inc. and Impact Athletics, Inc. Defendants deny the remaining allegations contained in Paragraph 17 of Plaintiffs' Petition.

18.     Defendants admit that Plaintiffs were employed by OKYLP Oklahoma Youth Literacy Program, Inc. and that OKYLP Oklahoma Youth Literacy Program, Inc. has records regarding the hours worked by Plaintiffs. Defendants deny the remaining allegations contained in Paragraph 18 of Plaintiffs' Petition.

19.     Defendants deny each and every allegation contained in Paragraph 19 of Plaintiffs' Petition.

20.     Defendants admit that OKYLP Oklahoma Youth Literacy Program, Inc. lawfully deducted wages from employees' paychecks for the purpose of providing health, dental, and life insurance coverage. Defendants deny any remaining allegations contained in Paragraph 20 of Plaintiffs' Petition.

21.     Defendants admit that OKYLP Oklahoma Youth Literacy Program, Inc. and Impact Athletics, Inc. received and/or generated revenue from program participants, private and governmental grants, reimbursements, donations, and contributions. Defendants deny any remaining allegations contained in Paragraph 21 of Plaintiffs' Petition.

22.     Defendants deny each and every allegation contained in Paragraph 22 of Plaintiffs' Petition.

23.     Defendants deny each and every allegation contained in Paragraph 23 of Plaintiffs' Petition.

24.     Defendants deny each and every allegation contained in Paragraph 24 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

25.     Defendants deny each and every allegation contained in Paragraph 25 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

26.     Defendants deny each and every allegation contained in Paragraph 26 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

27.     Defendants deny each and every allegation contained in Paragraph 27 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

28.     Defendants deny each and every allegation contained in Paragraph 28 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

29.     Defendants deny each and every allegation contained in Paragraph 29 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

30.     Defendants deny each and every allegation contained in Paragraph 30 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

31.     Defendants deny each and every allegation contained in Paragraph 31 of Plaintiffs' Petition. Any action taken by Defendants regarding the Plaintiffs was taken in good faith and for non-retaliatory business reasons.

32.     Defendants deny each and every allegation contained in Paragraph 32 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law.

Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

33.    Defendants deny each and every allegation contained in Paragraph 33 of Plaintiffs' Petition.

34.    Defendants deny each and every allegation contained in Paragraph 34 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

35.    Defendants deny each and every allegation contained in Paragraph 35 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

36.    Paragraph 36 of Plaintiffs' Petition does not contain any averments of fact, and, as such, no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 36 of Plaintiffs' Petition.

37.    Paragraph 37 of Plaintiffs' Petition does not contain any averments of fact, and, as such, no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 37 of Plaintiffs' Petition.

**FIRST CLAIM FOR RELIEF:**
**VIOLATION OF FLSA FOR FAILURE TO PAY MINIMUM WAGES**

Defendants reassert and incorporate their responses to the foregoing paragraphs as if fully set forth herein.

38.     Paragraph 38 of Plaintiffs' Petition does not contain any averments of fact, and, as such, no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 38 of Plaintiffs' Petition.

39.     Defendants deny each and every allegation contained in Paragraph 39 of Plaintiffs' Petition.

40.     Defendants deny each and every allegation contained in Paragraph 40 of Plaintiffs' Petition.

41.     Defendants deny each and every allegation contained in Paragraph 41 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages..

42.     Defendants deny each and every allegation contained in Paragraph 42 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

43.     Defendants deny each and every allegation contained in Paragraph 43 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages. Defendants further deny that Plaintiffs are entitled to any relief whatsoever, including all such relief requested in Paragraph 43 and the WHEREFORE Paragraph following thereafter.

## SECOND CLAIM FOR RELIEF:
## VIOLATION OF FLSA FOR FAILURE TO PAY OVERTIME WAGES

Defendants reassert and incorporate their responses to the foregoing paragraphs as if fully set forth herein.

44.     Paragraph 44 of Plaintiffs' Petition does not contain any averments of fact, and, as such, no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 44 of Plaintiffs' Petition.

45.     Defendants deny each and every allegation contained in Paragraph 45 of Plaintiffs' Petition.

46.     Defendants deny each and every allegation contained in Paragraph 46 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

47.     Defendants deny each and every allegation contained in Paragraph 47 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages. Defendants further deny that Plaintiffs are entitled to any relief whatsoever, including all such relief requested in Paragraph 47 and the WHEREFORE Paragraph following thereafter.

## THIRD CLAIM FOR RELIEF:
## VIOLATION OF FLSA FOR FAILURE TO PAY OVERTIME WAGES

Defendants reassert and incorporate their responses to the foregoing paragraphs as if fully set forth herein.

48.     Paragraph 48 of Plaintiffs' Petition does not contain any averments of fact, and, as such, no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 48 of Plaintiffs' Petition.

49.     Defendants deny each and every allegation contained in Paragraph 49 of Plaintiffs' Petition. Any action taken by Defendants regarding the Plaintiffs was taken in good faith and for non-retaliatory business reasons.

50.     Paragraph 50 of Plaintiffs' Petition does not contain any averments of fact, and, as such, no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 50 of Plaintiffs' Petition.

51.     Defendants deny each and every allegation contained in Paragraph 51 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages. Defendants further deny that Plaintiffs are entitled to any relief whatsoever, including all such relief requested in Paragraph 51 and the WHEREFORE Paragraph following thereafter.

### FOURTH CLAIM FOR RELIEF: VIOLATION OF OKLAHOMA PROTECTION OF LABOR ACT FOR FAILURE TO PAY WAGES EARNED

Defendants reassert and incorporate their responses to the foregoing paragraphs as if fully set forth herein.

52.     Paragraph 52 of Plaintiffs' Petition does not contain any averments of fact, and, as such, no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 52 of Plaintiffs' Petition.

53.     Defendants deny each and every allegation contained in Paragraph 53 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

54.     Defendants deny each and every allegation contained in Paragraph 54 of Plaintiffs' Petition.

55.     Defendants deny each and every allegation contained in Paragraph 55 of Plaintiffs' Petition. Defendants further deny that Plaintiffs are entitled to any relief whatsoever. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

56.     Defendants deny each and every allegation contained in Paragraph 56 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages. Defendants further deny that Plaintiffs are entitled to any relief whatsoever, including all such relief requested in Paragraph 56 and the WHEREFORE Paragraph following thereafter.

**FIFTH CLAIM FOR RELIEF:**
**VIOLATION OF OKLAHOMA PROTECTION OF LABOR ACT FOR FAILURE TO PAY OVERTIME COMPENSATION**

Defendants reassert and incorporate their responses to the foregoing paragraphs as if fully set forth herein.

57.     Paragraph 57 of Plaintiffs' Petition does not contain any averments of fact, and, as such, no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 57 of Plaintiffs' Petition.

58.     Defendants deny each and every allegation contained in Paragraph 58 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

59.     Defendants deny each and every allegation contained in Paragraph 59 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

60.     Defendants deny each and every allegation contained in Paragraph 60 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages. Defendants further deny that Plaintiffs are entitled to any relief whatsoever, including all such relief requested in Paragraph 60 and the WHEREFORE Paragraph following thereafter.

## SIXTH CLAIM FOR RELIEF:
## VIOLATION OF OKLAHOMA PUBLIC POLICY

Defendants reassert and incorporate their responses to the foregoing paragraphs as if fully set forth herein.

61.     Paragraph 61 of Plaintiffs' Petition does not contain any averments of fact, and, as such, no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 61 of Plaintiffs' Petition.

62.     Defendants deny each and every allegation contained in Paragraph 62 of Plaintiffs' Petition.

63.     Defendants deny each and every allegation contained in Paragraph 63 of Plaintiffs' Petition.

64.     Defendants deny each and every allegation contained in Paragraph 64 of Plaintiffs' Petition.

65.     Paragraph 65 of Plaintiffs' Petition does not contain any averments of fact, and, as such, no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 65 of Plaintiffs' Petition.

66.     Defendants deny each and every allegation contained in Paragraph 66 of Plaintiffs' Petition. Defendants further deny that Plaintiffs are entitled to any relief whatsoever. Any and all actions taken by Defendants with respect to Plaintiffs were taken in good faith.

67.     Defendants deny each and every allegation contained in Paragraph 67 of Plaintiffs' Petition. Defendants further deny that Plaintiffs are entitled to any relief whatsoever, including all such relief requested in Paragraph 67 and the WHEREFORE Paragraph following thereafter. Any and all actions taken by Defendants with respect to Plaintiffs were taken in good faith.

## SEVENTH CLAIM FOR RELIEF:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Defendants reassert and incorporate their responses to the foregoing paragraphs as if fully set forth herein.

68. Paragraph 68 of Plaintiffs' Petition does not contain any averments of fact, and, as such, no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 68 of Plaintiffs' Petition.

69. Defendants deny each and every allegation contained in Paragraph 69 of Plaintiffs' Petition.

70. Defendants deny each and every allegation contained in Paragraph 70 of Plaintiffs' Petition.

71. Defendants deny each and every allegation contained in Paragraph 71 of Plaintiffs' Petition.

72. Defendants deny each and every allegation contained in Paragraph 72 of Plaintiffs' Petition.

73. Defendants deny each and every allegation contained in Paragraph 73 of Plaintiffs' Petition. Defendants further assert that any and all actions taken by Defendants with respect to Plaintiffs were taken in good faith.

74. Defendants deny each and every allegation contained in Paragraph 74 of Plaintiffs' Petition. Defendants further assert that any and all actions taken by Defendants with respect to Plaintiffs were taken in good faith.

75.     Defendants deny each and every allegation contained in Paragraph 75 of Plaintiffs' Petition. Defendants further deny that Plaintiffs are entitled to any relief whatsoever, including any relief requested in Paragraph 75 of Plaintiffs' Petition.

76.     Defendants deny each and every allegation contained in Paragraph 76 of Plaintiffs' Petition. Defendants further assert that any and all actions taken by Defendants with respect to Plaintiffs were taken in good faith.

77.     Defendants deny each and every allegation contained in Paragraph 77 of Plaintiffs' Petition. Defendants further assert that any and all actions taken by Defendants with respect to Plaintiffs were taken in good faith.

78.     Defendants deny each and every allegation contained in Paragraph 78 of Plaintiffs' Petition. Defendants further deny that Plaintiffs are entitled to any relief whatsoever.

79.     Defendants deny each and every allegation contained in Paragraph 79 of Plaintiffs' Petition. Defendants further deny that Plaintiffs are entitled to any relief whatsoever, including all such relief requested in Paragraph 79 and the WHEREFORE Paragraph following thereafter.

**EIGHTH CLAIM FOR RELIEF:**
**PERSONAL LIABILITY AGAINST INDIVIDUAL DEFENDANTS**

Defendants reassert and incorporate their responses to the foregoing paragraphs as if fully set forth herein.

80. Paragraph 80 of Plaintiffs' Petition does not contain any averments of fact, and, as such, no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 80 of Plaintiffs' Petition.

81. Defendants admit that Gina Darby and Milen Darby, Sr. are wife and husband and serve as officers, directors, and principals of OKYLP Oklahoma Youth Literacy Program, Inc. and Impact Athletics, Inc. Defendants deny any remaining allegations contained in Paragraph 81 of Plaintiffs' Petition.

82. Defendants admit that Rosie Anderson is the mother of Gina Darby Defendants deny any remaining allegations contained in Paragraph 82 of Plaintiffs' Petition.

83. Defendants admit that Gina Darby and Milen Darby, Sr. are in charge of the management, operations, and discharge of duties for OKYLP Oklahoma Youth Literacy Program, Inc. and Impact Athletics, Inc. Defendants deny any remaining allegations contained in Paragraph 83 of Plaintiffs' Petition.

84. Defendants admit that Gina Darby and Milen Darby, Sr. are in charge of the management, operations, and discharge of duties for OKYLP Oklahoma Youth Literacy Program, Inc. and Impact Athletics, Inc. Defendants deny any remaining allegations contained in Paragraph 84 of Plaintiffs' Petition.

85. Paragraph 85 of Plaintiffs' Petition does not contain any averments of fact, and, as such, no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 85 of Plaintiffs' Petition.

86.     Paragraph 86 of Plaintiffs' Petition does not contain any averments of fact, and, as such, no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 86 of Plaintiffs' Petition.

87.     Defendants deny each and every allegation contained in Paragraph 87 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and Oklahoma law. Further, Defendants did not engage in any willful behavior that would support the imposition of liquidated damages.

88.     Defendants deny each and every allegation contained in Paragraph 88 of Plaintiffs' Petition. Defendants assert that Gina Darby, Milen Darby, Sr., and Rosie Anderson did not have or exert sufficient control, power, or authority to be subject to individual liability under the FLSA or Oklahoma's equivalent.

89.     Defendants deny each and every allegation contained in Paragraph 89 of Plaintiffs' Petition. Defendants further deny that Plaintiffs are entitled to any relief whatsoever, including all such relief requested in Paragraph 89, the WHEREFORE Paragraph following thereafter, and the subsequent PRAYER FOR RELIEF section.

## AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiffs have failed to state a claim upon which relief may be granted.

2.     At all relevant times, Plaintiffs were employed exclusively by OKYLP Oklahoma Youth Literacy Program, Inc.

3.     Defendants, Gina Darby, Milen Darby, Sr., and Rosie Anderson do not meet the statutory definition of "employer" under the FLSA or the Oklahoma Protection Against Labor Act.

4.      Defendants Gina Darby, Milen Darby, Sr., and Rosie Anderson did not have or exert sufficient control, power, or authority to be subject to individual liability under the FLSA or Oklahoma's equivalent.

5.      Plaintiffs claims under the FLSA are barred to the extent that actions, if any, have been taken in good faith and in reasonable compliance with all applicable rulings, administrative regulations, and interpretations of the FLSA.

6.      Alternatively, and without admitting any violations occurred, all or part of the time for which Plaintiffs seek compensation is not compensable working time.

7.      Plaintiffs' claims are or may be subject to the additional defenses of failure of consideration, discharge in bankruptcy, estoppel, laches, payment, release, statute of frauds, waiver, and/or unclean hands. Defendants have not obtained discovery from Plaintiffs (including depositions) and facts pertaining to the same are within Plaintiffs' control and will become known during discovery.

8.      Defendants also claim a setoff with respect to the costs advanced by Defendant OKYLP Oklahoma Youth Literacy Program, Inc. on behalf of Plaintiffs, including, but not limited to, costs for tuition and insurance premiums.

9.      All actions taken by Defendants with respect to Plaintiffs were taken in good faith and for non-retaliatory business reasons.

10.     Plaintiffs' public policy violation tort claim is barred to the extent that Plaintiffs have an adequate statutory remedy available.

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiffs and in favor of Defendants in connection with all claims for relief in the

Petition, award Defendants its reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

By:
*s/ Lindsay N. Kistler*
Lindsay N. Kistler, OBA #32814
**KISTLER LEGAL GROUP PLLC**
2712 NW 55th Terrace
Oklahoma City, OK 73112
Telephone: (405) 310-9209
Facsimile: (405) 561-4003
Email: lindsay@kistlerlegalgroup.com

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of December, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:

Kwame T. Mumina, OBA #10415
GREEN JOHNSON MUMINA & D'ANTONIO
4101 Perimeter Center Complex, Suite 110
Oklahoma City, Oklahoma 73112
Telephone: (405) 702-7228
Facsimile: (405) 702-6898
Email: kmumina@gimlawyers.com


_s/ Lindsay N. Kistler_