IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) ROBERT LEE MOORE, JR., | ) | |
| | ) | |
| (2) JACQUELYNN AYERS, | ) | |
| | ) | |
| (3) BREON KATRELL SMITH, | ) | |
| | ) | |
| (4) MICHAELA DE'JON LEWIS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO: CIV-22-1025-R |
| (1) OKYLP OKLAHOMA YOUTH LITERACY PROGRAM, INC., a/k/a OKLAHOMA YOUTH LITERACY PROGRAM INC., an Oklahoma Domestic not-for-profit corporation, | ) ) ) ) | |
| | ) | |
| (2) IMPACT ATHLETICS, INC., an Oklahoma domestic not-for-profit corporation, | ) ) | |
| | ) | |
| (3) GINA DARBY, an individual, | ) | |
| | ) | |
| (4) MILEN DARBY, SR., an individual, | ) | |
| | ) | |
| (5) ROSIE ANDERSON, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR ORDER OF DISMISSAL
WITH BRIEF IN SUPPORT**

COMES NOW, Plaintiffs, Robert Lee Moore, Jr., Jacquelynn Ayers, Breon Katrell Smith, and Michaela De'Jon Lewis (hereinafter "Plaintiffs"), by and through the undersigned counsel of record, Kwame T. Mumina, of Green Johnson Mumina & D'Antonio, and hereby requests that an order of dismissal by the Court be entered in this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

1

In support of their Motion, Plaintiffs show the Court and submit the following points and authorities:

1. Plaintiffs originally commenced this action in the District Court of Oklahoma County asserting state law claims for non-payment of wages and federal counterparts, along with related relief.

2. Defendants entered an appearance with reservation of rights and subsequently removed this action to federal court. Upon removal, Defendants answered the original Petition denying the allegations, and no counterclaims were filed by either of the Defendants.

3. This action is in the early stages of the litigation with trial currently set on the Court's September 12, 2023 docket.

4. There have been two depositions taken by Defendants, one of the Plaintiff Robert Lee Moore, Jr. ("Moore") and the other of Plaintiff Jacquelynn Ayres ("Ayres"). Defendants have noticed the remaining Plaintiffs for deposition on June 21, 2023.

5. None of the Plaintiffs have been involved in trial litigation before, and have never been deposed. Additionally, each of the Plaintiffs are unsophisticated low-level wage earners, some of who did not obtain a high school education.

6. Following the depositions of Mr. Moore and Ms. Ayers, and despite having been counseled about the anxiety and constraints associated with litigation, the Plaintiffs concluded they did not desire to continue with the rigors of federal litigation. Some Plaintiffs became concerned about the time they would be required to be away from their jobs, and the effects on their employment since they had dependent children and financial

obligations. Plaintiff Ayres shared with the other Plaintiffs that on the evening following her deposition, she was highly anxious and had to report to the emergency room for treatment. The general consensus was that Plaintiffs felt intimidated by the process at this time and were not prepared to go forward with formal litigation.

7. On June 16, 2023, Plaintiffs had an extensive meeting with the undersigned counsel regarding the lawsuit and were unanimous in their decision to seek a resolution of their claims through settlement, if possible, but relayed they no longer desired to continue federal litigation at this time. Accordingly, following the meeting, Plaintiffs instructed counsel to pursue possible settlement of their claims with Defendants.

8. Counsel for the Plaintiffs has contacted Defendants' counsel and engaged in exchanges regarding ways and means of resolving the claims in this action, but those discussions have not been conclusive. Additionally, Defendants have not been immediately agreeable to consent to a dismissal and have been ambivalent in responding to the requests. Therefore, Plaintiffs have assumed that such consent from Defendants was not forthcoming.

9. As reflected in the docket, there have been no previous motions or other relief sought in this case by either of the Parties, and none are currently pending. The docket in this case is relatively sparse absent the initial pleadings, scheduling order and deposition notices.

10. Discovery in the matter is ongoing at the present time with a discovery deadline currently set for August 3, 2023.

BRIEF IN SUPPORT

After an answer has been filed, and absent a stipulation of dismissal signed by all the parties, a case may not be dismissed by Plaintiffs unless by order of the Court. Fed. R. Civ. P. 41(a)(2). In regard to granting a Motion To Dismiss, the general rule is to discern and weigh the possible prejudice in light of the valid interests of the parties. *See, Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993). The case of *Ohlander v. Larson*, 114 F.3d 1531(10th Cir. 1997) has provided guidance and can be instructive:

> Absent "legal prejudice" to the defendant, the district court normally should grant such a dismissal. The parameters of what constitutes "legal prejudice" are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation for the need for a dismissal; and the present stage of the litigation. Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper. The above list of factors is by no means exclusive. Any other relevant factors should come into the district court's equation…. The district court should endeavor to insure substantial justice is accorded to both parties. A court, therefore, must consider the equities not only facing the defendant, but also those facing the plaintiff; a court's refusal to do so is a denial of a full and complete exercise of judicial discretion.

*Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)(case citations omitted).

Additionally, in considering Plaintiffs' Motion, and the issue of potential "legal prejudice" in the context of the case, authorities have concluded that "[p]rejudice does not arise simply because a second action has been or may be filed against the defendant…." *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005). Similarly, the requisite prejudice is not conclusive due to the "possibility that plaintiffs may gain a tactical advantage by refiling in state court" or some other forum. *See, e.g., American Nat'l Bank & Trust Co.*

4

*of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

With regard to the factors noted above, Plaintiffs submit that none of those factors reflect any substantial prejudice will be visited on the Defendants by granting the Motion. (1) <u>Opposing Party's Effort and Expense In Preparation For Trial</u>:  As mentioned above, this case is in its early stages, with discovery incomplete and outstanding with a discovery deadline several weeks away. Moreover,  the trial date in the matter is set for mid-September. Accordingly, while each party has incurred some expenses in the normal course of litigation, this is not a case where significate expenses have occurred in preparation for a trial; (2) <u>Excessive Delay And Lack Of Diligence On Part Of Movant.</u> This case has proceeded on a relatively fast track and there are no indications of what may constitute excessive delays of lack of diligence by Plaintiffs.  Indeed, despite having not been consulted by Defendants' counsel for mutual dates prior to noticing Plaintiffs for deposition, Plaintiffs and counsel rearranged  their schedules and complied with each of the dates previously set in the original deposition notices. (3) <u>Insufficient Explanation Of The Need For Dismissal</u>. Plaintiffs have established that they are not prepared to proceed with the formal litigation process at this time and desire the opportunity to become more stable and to better plan for the rigors of litigations.  They have conceded that the process has been intimidating and more stressful than expected. And, as first-time litigants, they admit being simply unprepared at this stage and time for formal litigation.  As mentioned above, one of the Plaintiffs suffered an anxiety attack associated with high blood pressure just shortly after her deposition. Accordingly, it is not unreasonable for Plaintiffs to request an opportunity to not only reconsider their approach to litigation, but perhaps to pursue a

course that may involve settlement outside the judicial process. (4) <u>The Present Stage Of Litigation</u>. As already mentioned, this litigation is only at the beginning stage with the bulk of the litigation ahead in this case.

Through initial disclosures and discovery responses, the parties have exchanged some exhibits and witnesses.  Moreover, these parties are not strangers, but employers of a closely held company, and employees that have worked together and with the employer for the past two years.  Therefore, there is little chance for either surprise or prejudice in connection with the alleged facts, claims or defenses.

Finally, this is not a case that is either frivolous or lacks merit in the first instance. Indeed, while Defendants have raised certain exceptions and alleged "good faith" reasons for not paying wages, the underlying issue of one Defendants' failure to timely pay the Plaintiffs for wages earned is relatively undisputed. For example, Defendant, OKYLP Oklahoma Youth Literacy Program issued a "Notice Of Payroll Delay" informing employees that their paychecks "will be delayed and have been delayed since 10/17/2021…" *See*, Plaintiffs' Exhibit No. 1, attached hereto and incorporated by reference. Accordingly, Plaintiffs submit their request is neither unreasonable nor substantially prejudicial to the Defendants.

WHEREFORE, premises considered, Plaintiffs respectfully pray for an order dismissing this action without prejudice and for such other and further relief as may be available in law and equity.

Respectfully submitted:

/s/     Kwame T. Mumina
Kwame T. Mumina, OBA# 10415
GREEN JOHNSON MUMINA & D'ANTONIO
4101 Perimeter Center Drive, Ste. 110
Oklahoma City, Oklahoma 73112
Telephone:    (405)  702-7228
Facsimile:    (405)  702-6898
Email:        kmumina@gjmlawyers.com
ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2023, I electronically transmitted the above and foregoing instrument, Plaintiffs' Motion For Order Of Dismissal, to the Clerk Of Court using the ECF System for filing. Based on the records currently on file, the Clerk Of Court will transmit a Notice Of Electronic Filing to the following ECF registrant:

Lindsay N. Kistler
lindsay@kistlerlawgroup.com
KISTLER LEGAL GROUP, PLLC
2712 N.W. 55th Terrace
Oklahoma City, Oklahoma 73112

/s/  Kwame T. Mumina
Kwame T. Mumina